T.C. Summary Opinion 2007-2

UNITED STATES TAX COURT

NATHAN ANDREW POEHLEIN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9549-04S.                    Filed January 3, 2007.

Nathan Andrew Poehlein, pro se.

Russell D. Pinkerton, for respondent.


GOLDBERG, Special Trial Judge:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $4,600 for the taxable year 2002. The issues for decision are: (1) Whether petitioner is entitled to dependency exemption deductions for his children, AP and GP;[1] (2) whether petitioner is entitled to head-of-household filing status; and (3) whether petitioner is entitled to an earned income credit.[2]

## Background

This case was submitted fully stipulated pursuant to Rule 122. The stipulation of facts, supplemental stipulation of facts, and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Cannelton, Indiana.

Petitioner and Kelly Harpe have two children, their son AP and their daughter GP (collectively, "the children"). Petitioner and Ms. Harpe have never been married. By order of the Perry County, Indiana Circuit Court entered February 20, 1996, paternity of petitioner for AP was established, and petitioner was ordered to pay $50 per week in child support. Petitioner's

[1] The Court uses only the minor children's initials.

[2] In a section of the notice of deficiency titled "Explanation of Items", respondent disallowed petitioner a child tax credit. Petitioner, however, did not claim a child tax credit on his return. Furthermore, the purported adjustment is not reflected in respondent's calculation of the deficiency, which is contained in a separate section of the notice. Because the purported adjustment does not affect the amount of tax at issue, we do not address this matter further.

paternity for GP was established by order of the Hancock District Court, Commonwealth of Kentucky, entered August 13, 2003.[3] Petitioner was ordered to pay $65 per week in child support.

In 2002, AP and GP lived with Ms. Harpe in government housing in Kentucky. Petitioner worked in Indiana that year and earned $15,372.87 of wage income. Petitioner filed his 2002 Federal income tax return as a head of household and claimed a dependency exemption deduction for each child. Petitioner also claimed an earned income credit with AP and GP as the qualifying children.

In March 2004, respondent issued a notice of deficiency denying petitioner: (1) The dependency exemption deductions; (2) head-of-household filing status; and (3) the earned income credit. In computing the deficiency, respondent changed petitioner's filing status to single.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). In certain circumstances, however, if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the proper tax liability, section 7491 places the

---

[3] The paternity of GP is not in question for the taxable year 2002. Petitioner is the father.

burden of proof on the Commissioner. Sec. 7491(a)(1); Rule 142(a)(2). Credible evidence is "'the quality of evidence which, after critical analysis, [a] court would find sufficient upon which to base a decision on the issue if no contrary evidence were submitted'". Baker v. Commissioner, 122 T.C. 143, 168 (2004) (quoting Higbee v. Commissioner, 116 T.C. 438, 442 (2001)). Section 7491(a)(1) applies only if the taxpayer complies with substantiation requirements, maintains all required records, and cooperates with the Commissioner's requests for witnesses, information, documents, meetings, and interviews. Sec. 7491(a)(2). Although neither party alleges the applicability of section 7491(a), we conclude that the burden of proof has not shifted to respondent with respect to any of the issues in this case.

Moreover, deductions are a matter of legislative grace and are allowed only as specifically provided by statute. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

1. Dependency Exemption Deductions

Section 151 allows as a deduction an exemption for each dependent of the taxpayer. Sec. 151(c). Section 152(a) defines the term "dependent", in pertinent part, to include a son or daughter of the taxpayer over half of whose support for the calendar year was received from the taxpayer. "[S]upport"

includes "food, shelter, clothing, medical and dental care, education, and the like."  Sec. 1.152-1(a)(2)(i), Income Tax Regs.

In determining whether an individual received more than one-half of his or her support from the taxpayer, there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources.  Id.  A special support test applies to certain parents.  Section 152(e) provides:

> SEC. 152(e).  Support Test in Case of Child of Divorced Parents, Etc.--
>
> > (1) Custodial parent gets exemption.--Except as otherwise provided in this subsection, if--
> >
> > > (A) a child * * * receives over half of his support during the calendar year from his parents--
> > >
> > > > (i) who are divorced or legally separated under a decree of divorce or separate maintenance,
> > > >
> > > > (ii) who are separated under a written separation agreement, or
> > > >
> > > > (iii) who live apart at all times during the last 6 months of the calendar year, and
> > >
> > > (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,
> >
> > such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the "custodial parent").

(2) Exception where custodial parent releases claim to exemption for the year.--A child of parents described in paragraph (1) shall be treated as having received over half of his support during a calendar year from the noncustodial parent if--

(A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

For purposes of this subsection, the term "noncustodial parent" means the parent who is not the custodial parent.

The support test in section 152(e) applies even if the child's parents have never been married. <u>King v. Commissioner</u>, 121 T.C. 245, 248-252 (2003).

If the requirements of section 152(e)(1) are met, the child is treated as having received over half of his support from the custodial parent, and the custodial parent is entitled to the dependency exemption deduction. The noncustodial parent can gain entitlement to the deduction if the custodial parent executes a valid written declaration under section 152(e)(2) releasing the claim to the deduction. The declaration required under section 152(e)(2) must be made either on a completed Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or on a statement conforming to the substance of Form 8332.

Miller v. Commissioner, 114 T.C. 184, 188-189 (2000), affd. on another ground sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002); Brissett v. Commissioner, T.C. Memo. 2003-310.

The Form 8332 requires a taxpayer to furnish: (1) The names of the children for whom exemption claims were released; (2) the years for which the claims were released; (3) the signature of the custodial parent confirming his or her consent; (4) the Social Security number of the custodial parent; (5) the date of the custodial parent's signature; and (6) the name and the Social Security number of the parent claiming the exemption. Miller v. Commissioner, supra at 190.

A. Whether Section 152(e) Is Applicable

As stated above, petitioner and Ms. Harpe have never been married. Section 152(e) therefore applies only if petitioner and Ms. Harpe lived apart at all times during the last 6 months of 2002. See sec. 152(e)(1)(A). Living apart generally connotes living in separate residences. Dawkins v. Commissioner, T.C. Memo. 1991-225.

Petitioner contends that he generally stayed at his parents' house from Sunday night through Thursday afternoon, but spent the remainder of the week with Ms. Harpe and the children in Kentucky. There is no evidence to support his contention, and the joint exhibits contradict his position. A declaration by Ms. Harpe states that petitioner did not live with her and the

children in Kentucky in 2002.  A form from the Office of Housing,
Federal Housing Commissioner, also indicates that petitioner did
not reside in the government housing unit with Ms. Harpe and the
children.  We find that petitioner and Ms. Harpe lived apart at
all times during the last 6 months of 2002.  Section 152(e)
therefore applies.[4]

B.  Whether Petitioner Attached an Executed Form 8332 or a
    Comparable Statement to His 2002 Tax Return

Ms. Harpe's declaration indicates she had custody of the
children for the greater portion of 2002.  Petitioner does not
dispute this statement.  We therefore conclude that she is the
custodial parent for purposes of section 152(e).  See sec.
152(e)(1) (flush language).  Accordingly, petitioner may claim
the children as dependents only if he attached to his return a
Form 8332 or a comparable statement executed by Ms. Harpe.  See
Miller v. Commissioner, supra.

Petitioner contends that he attached an executed Form 8332
to his 2002 tax return.  The record, however, contains no
evidence to support this contention.  A Form 8332 is not attached
to the copy of his return that was received as a joint exhibit.
Furthermore, Ms. Harpe's declaration does not indicate that she

---

[4] Assuming arguendo that petitioner and Ms. Harpe did live
together at some point during the last 6 months of 2002, the
result would not change.  Under sec. 152(a), petitioner would
have to establish that he provided over half of AP's and GP's
support during 2002.  The record contains no evidence that
petitioner meets this requirement with respect to either child.

executed a Form 8332 for either child. We find that petitioner did not attach a Form 8332 to his return. Petitioner therefore is not entitled to dependency exemption deductions for AP and GP in 2002. See secs. 151(a), (c), and 152(a). Respondent's determination on this issue is sustained.

## 2. Head-of-Household Filing Status

Section 1(b) imposes a special income tax rate on an individual filing as head of household. As relevant herein, section 2(b) defines a "head of household" as an unmarried individual who maintains as his or her home a household which constitutes for more than one-half of the taxable year the principal place of abode of a child of the taxpayer. Sec. 2(b)(1)(A)(i).

As previously stated, petitioner did not live with Ms. Harpe and the children in 2002. Accordingly, petitioner is unable to establish that his residence constituted the principal place of abode for AP or GP for more than one-half of the taxable year. Petitioner therefore is not entitled to head-of-household filing status, and respondent's determination on this issue is sustained.

## 3. Earned Income Credit

Subject to certain limitations, an eligible individual is allowed a credit which is calculated as a percentage of the individual's earned income. Sec. 32(a)(1). Earned income

includes wages.  Sec. 32(c)(2)(A).  Section 32(c)(1)(A)(i), in pertinent part, defines an "eligible individual" as "any individual who has a qualifying child for the taxable year".  A "qualifying child" is one who satisfies a relationship test, a residency test, and an age test.  Sec. 32(c)(3).  The pertinent parts of section 32(c)(3) provide:

> (3) Qualifying child.--
>
>    (A) In general.--The term "qualifying child" means, with respect to any taxpayer for any taxable year, an individual--
>
>       (i) who bears a relationship to the taxpayer described in subparagraph (B),
>
>       (ii) who has the same principal place of abode as the taxpayer for more than one-half of such taxable year, and
>
>       (iii) who meets the age requirements of subparagraph (C).

As previously stated, petitioner has not established that his residence was the principal place of abode for AP or GP for more than one-half of the taxable year 2002.  Accordingly, we conclude that the children fail the residency test of section 32(c)(3)(A)(ii).  Respondent's determination on this issue is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered for
respondent.